United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 14, 2006**

Charles R. Fulbruge III
Clerk

REVISED AUGUST 10, 2006

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-40658

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LUIS MENDOZA-SANCHEZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:

I.

Luis Mendoza-Sanchez (Mendoza) pled guilty to violating 8 U.S.C. § 1326(a) and (b)(2) by being found in the United States, without permission, following both his conviction for an aggravated felony and later deportation. The district court increased Mendoza's offense level by 16 levels because his deportation occurred following his conviction of a crime of violence. See § 2

L1.2(b)(1)(A)(ii).   This sixteen level increase was based on Mendoza's conviction in circuit court in Johnson County, Arkansas for the offense of burglary.   The district court overruled Mendoza's objection to the increase and sentenced him to a 46 month term of imprisonment, along with a three year tern of supervised release.   Mendoza them filed a timely notice of appeal.

## II.

### A.

Mendoza's primary argument on appeal is that the district court erred by enhancing his base offense level 16 levels under § 2L1.2(b)(1)(A)(ii), based on his Arkansas conviction of burglary. Mendoza argues that the conviction is not a "crime of violence". We review the district court's application of the sentencing guidelines *de novo* and the findings of fact for clear error. U.S. v. Vargas-Duran, 356 F.3d 598, 602 (5th Cir.), en banc, cert. denied, 541 U.S. 965 (2004).

The 2002[1] version of § 2L1.2(b)(1)(A)(ii) provides for a 16-level increase in a defendant's base offense level if he was previously deported after being convicted of a crime of violence. The Application Notes define a "crime of violence" either as one of a list of enumerated offenses or as "an offense under federal, state, or local law that has as an element the use, attempted use,

---

[1] Because Mendoza-Sanchez committed his offense on December 24, 2002, and was sentenced on May 5, 2003, the 2002 version of the Sentencing Guidelines apply.

or threatened use of physical force against the person of another." § 2L1.2, comment. (n.1(B)(ii)(I), (II)) (2002). The enumerated offenses are "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." § 2L1.2, comment. (n.1(B)(ii)(II)) (2002).

When determining whether a prior offense constitutes a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii), this court uses a different methodology depending on whether the prior offense constitutes a crime of violence (1) because it is an enumerated offense or (2) because it is "an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, comment. (n.1(B)(ii)(I), (II)). In determining whether an offense has as an element the use, attempted use, or threatened use of physical force against the person of another, this court uses the categorical approach set forth in Taylor v. United States, 495 U.S. 575, 600-02 (1990), and examines the elements of the offense, rather than the facts underlying the conviction. See United States v. Calderon-Pena, 383 F.3d 254, 257 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 932 (2005). Under the categorical approach, if the statute of conviction contains a series of disjunctive elements, this court may look to the indictment and, if necessary, the jury instructions, for the limited purpose of determining which of a series of disjunctive elements a defendant's

3

conviction satisfies.  <u>Id.</u> at 258. However, this court uses a "common sense approach" to determine whether a defendant's offense qualifies as an offense enumerated in § 2L1.2, comment. (n.1(B)(ii)(II)).  <u>See</u> <u>United States v. Izaguirre-Flores</u>, 405 F.3d 270, 273-75 (5th Cir. 2005).

In the instant case, the Government does not contend that the Arkansas burglary statute has as an element the use, attempted use, or threatened use of physical force against the person of another. Instead, the Government argues that Mendoza-Sanchez's Arkansas burglary offense constitutes the enumerated offense of burglary of a dwelling for purposes of § 2L1.2(b)(1)(A)(ii).  Accordingly, this court must use the common sense approach to determine whether the Arkansas offense of burglary is the equivalent of the enumerated offense of burglary of a dwelling "as that term is understood in its ordinary, contemporary, [and] common meaning."  <u>Izaguirre-Flores</u>, 405 F.3d at 274-75 (internal quotation marks and citation omitted).

The Arkansas statute under which Mendoza-Sanchez was convicted[2] provided that "[a] person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by

---

[2] In district court, both Mendoza-Sanchez and the probation officer who prepared the PSR erroneously relied on the current version of Ark. Crim. Code 5-39-201, which became effective on August 13, 1993.  As Mendoza-Sanchez pleaded guilty of burglary and was sentenced to five years of probation on July 2, 1993, he necessarily was convicted under the prior version of the statute.

imprisonment."  Ark. Code Ann. 5-39-201(a)(1987).  Mendoza-Sanchez

contends that the Government cannot establish that he committed a

"burglary of a dwelling" as that term is enumerated under § 2L1.2,

comment. (n.1(B)(ii)(II))(2002), because the broad definition of

burglary in the Arkansas statute encompasses the burglary of

structures other than dwellings.  Mendoza-Sanchez also points out

that neither the charging instrument[3] nor the judgment in his case

establishes that his offense involved the burglary of a dwelling.

The parties agree that a "dwelling" is commonly understood as

meaning "a house or other structure in which a person lives."

In Izaguirre-Flores, this court noted that when called on to

determine whether a violation of a state statute constitutes an

enumerated offense for purposes of § 2L1.2(b)(1)(A)(ii), "we have

held that when the enumerated offense under the Guidelines

encompasses a narrower range of conduct than that prohibited by the

state statute, we cannot hold as a matter of law that the sentencing

enhancement is proper."  405 F.3d at 276-77.  Moreover, this court

has held that the Texas offense of burglary of a building, as set

forth in TEX. PENAL CODE ANN. § 30.02 (Vernon's 1974), is not the

equivalent of the enumerated offense of burglary of a dwelling. See

United States v. Rodriguez-Rodriguez, 388 F.3d 466, 467 & n.6 (5th

---

   [3] The information in Mendoza-Sanchez's case charged that he did
"willfully and unlawfully enter and remain unlawfully in an
occupiable structure of another person, to-wit: Diana Mull, Rt. 1
Box 508, London, Arkansas, with the purpose of committing therein
theft of property, the same being a Class B Felony . . . ."

5

Cir. 2004).  Texas law defines a "building" as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use."  TEX. PENAL CODE ANN. § 30.01(2) (Vernon's 1974).  The Arkansas definition of "occupiable structure," see Ark. Code Ann. § 5-39-101, like the Texas definition of "building," includes structures used for purposes other than "dwelling."  The Arkansas offense of burglary cannot therefore be considered the equivalent of the enumerated offense of burglary of a dwelling.

The Government argues that the district court did not err in enhancing Mendoza-Sanchez's sentence because according to the PSR, the offense report pertaining to Mendoza-Sanchez's burglary case characterized the building as a residence.  But we have never authorized consideration of the defendant's conduct as reflected in police reports or similar instruments to determine whether that conduct constitutes a crime of violence.  See Izaquirre-Flores, 405 F.3d at 274 n.14.  We need not decide in this case whether facts developed by the probation officer and reported in the PSR can be used for this purpose because, as discussed below, Mendoza admitted he entered a house or home.

At the rearraignment, the following exchange took place with the defendant, after the district court asked Mendoza-Sanchez whether it was true that he had been convicted of an aggravated felony:

MR. ANDY GUARDIOLA: Felony Burglary is a five-year sentence,

6

your Honor.

THE COURT:            Burglary

THE INTERPRETER:     A house.  A home.

THE COURT:           You went to the house without permission, right?  Do you accept that?

THE DEFENDANT:       Yes.

In the context of this exchange, it is clear to us that the court's question "you went into the house without permission" referred back to the interpreter's use of "house" and "home" as synonymous.  When Mendoza's admission that he entered the home (or dwelling) without permission is added to the allegations of the information, this adequately establishes his conviction of a crime of violence.  We are satisfied that the district court can use all facts admitted by the defendant in determining whether the prior conviction qualifies as an enumerated offense under § 2L1.2. United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267, 163 L. Ed. 2d 240 (2005).  The district court did not err in imposing the 16 level increase.

B.

Mendoza-Sanchez next challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Mendoza-Sanchez's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235

7

(1998).

C.

In a supplemental letter brief, Mendoza-Sanchez argues that his sentence is unconstitutional and should be vacated because it was imposed under the mandatory United States Sentencing Guidelines held unconstitutional in Booker. Mendoza-Sanchez did not raise his challenge to the mandatory application of the Sentencing Guidelines in the district court. Accordingly, this court reviews the district court's sentencing decision for plain error only. United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005).

By sentencing Mendoza-Sanchez under a mandatory guidelines regime, the district court committed what this court refers to as Fanfan error. United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). "It is clear after Booker that application of the Guidelines in their mandatory form constitutes error that is plain." Valenzuela-Quevedo, 407 F.3d at 733. Thus, Mendoza-Sanchez has satisfied the first and second prongs of the plain error analysis. Nevertheless, Mendoza-Sanchez has not satisfied the third prong of the plain error analysis by demonstrating that the district court's Fanfan error affected his "substantial rights." See id. To make such a showing, Mendoza-Sanchez must demonstrate that the error "affected the outcome of the district court proceedings" such that there is a probability of error "sufficient to undermine confidence in the outcome." See id. (internal quotation marks and citations

8

omitted). Specifically, Mendoza-Sanchez must show that the sentencing judge, sentencing under an advisory scheme rather than a mandatory one, would have reached a different result. See United States v. Mares, 402 F.3d 511, 521 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

The district court sentenced Mendoza-Sanchez to 46 months of imprisonment, a sentence at the lowest end of his sentencing guidelines range. However, the fact that the sentencing judge imposed the minimum sentence under the sentencing guidelines range, alone, is no indication that the judge would have reached a different conclusion under an advisory scheme. See United States v. Bringier, 405 F.3d 310, 318 n.4 (5th Cir.), cert. denied, 126 S. Ct. 264 (2005). Nothing in the record indicates that the district court would have imposed a significantly different sentence if the guidelines were advisory only. See Valenzuela-Quevedo, 407 F.3d at 733-34. Accordingly, Mendoza-Sanchez has not shown that the district court committed reversible plain error in imposing his sentence. See id.

AFFIRMED.