United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2007

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 06-40273

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ADALBERTO MUNGIA-PORTILLO,

Defendant-Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before GARWOOD, WIENER, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Jorge Adalberto Mungia-Portillo ("Mungia") pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). The district court enhanced his sentence by sixteen levels after determining that Mungia's 1992 Tennessee conviction for aggravated assault qualified as a crime of violence under the United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2. For the reasons that follow, we affirm the judgment of the district court.

## I. FACTS AND PROCEEDINGS

Mungia pleaded guilty to illegal reentry into the United States after deportation in violation

1

of 8 U.S.C. § 1326(a). The presentence investigation report ("PSR") assessed a base offense level of eight pursuant to U.S.S.G. § 2L1.2(a) and subtracted three levels for acceptance of responsibility. Mungia had been convicted of aggravated assault in Tennessee in 1992, and the PSR added sixteen levels pursuant to § 2L1.2(b)(1)(A), considering the prior conviction to be a crime of violence. With a total offense level of twenty-one and a criminal history score of three, Mungia's recommended sentencing range was between forty-one and fifty-one months. Mungia filed an objection to the PSR, challenging the enhancement under § 2L1.2(b)(1)(A) because the Tennessee assault statute permitted a conviction for aggravated assault based on reckless conduct. At sentencing, the district court overruled the objection and sentenced Mungia to forty-six months imprisonment and a three-year term of supervised release.

Mungia appeals, challenging the crime of violence determination and also the constitutionality of 8 U.S.C. § 1326(b). He concedes that the second challenge is foreclosed but raises it in order to preserve it for further review.

## II. DISCUSSION

This court reviews the district court's application of the sentencing guidelines de novo. *United States v. Vargas-Duran*, 356 F.3d 598, 602 (5th Cir. 2004) (en banc). For crimes committed under 8 U.S.C. § 1326, U.S.S.G. § 2L1.2(b)(1)(A)(ii) provides for a sixteen level increase to a defendant's offense level if the defendant was previously deported following a conviction for a crime of violence. The commentary defines crime of violence as (1) any of a list of enumerated offenses, among which "aggravated assault" is included, or (2) "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person

2

of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The commentary does not further define aggravated assault. *See id.*

The parties dispute whether Mungia's prior conviction qualifies as the enumerated offense of aggravated assault. Mungia was convicted in 1992 under Tennessee Code § 39-13-102. The Tennessee statute in effect at the time of Mungia's conviction provided:

> (a) A person commits aggravated assault who:
> (1) Commits an assault as defined in § 39-13-101, and:
>     (A) Causes seriously bodily injury to another; or
>     (B) Uses or displays a deadly weapon. . . .

TENN. CODE § 39-13-102 (1991). Section 39-13-101 provided:

> (a) A person commits assault who:
> (1) Intentionally, knowingly or recklessly causes bodily injury to another;
> (2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or
> (3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative. . . .

TENN. CODE § 39-13-101 (1991).

In determining which subpart of the statute formed the basis for Mungia's conviction, *Shepard v. United States* permits courts to examine "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." 544 U.S. 13, 16 (2005). The Tennessee indictment alleged that Mungia "did unlawfully, intentionally, knowingly and recklessly cause serious bodily injury to [the victim] by use of a deadly weapon, to wit, a handgun." At oral argument, the parties discussed the import of the indictment's charging of the mental culpability in the conjunctive. In light of conflicting case law on

3

the matter, we will assume without deciding that Mungia pleaded guilty to the least culpable mental state, "recklessly."[1]

In deciding whether a prior statute of conviction qualifies as a crime of violence, this court has alternatively employed (1) a "common sense approach," defining the offense according to its "ordinary, contemporary, [and] common meaning," or (2) a "categorical approach," defining the offense according to a "generic, contemporary definition." *Compare United States v. Izaguirre-Flores*, 405 F.3d 270, 273–74 (5th Cir. 2005), *with United States v. Dominguez-Ochoa*, 386 F.3d 639, 644 (5th Cir. 2004); *see also United States v. Mendoza-Sanchez*, 456 F.3d 479, 481–82 (5th Cir. 2006) (per curiam) (noting both approaches). Both approaches are rooted in *Taylor v. United States*, 495 U.S. 575 (1990). *See Izaguirre-Flores*, 405 F.3d at 275 n.16 (quoting *Dominguez-Ochoa*'s citation to *Taylor*); *Dominguez-Ochoa*, 386 F.3d at 644 (citing *Taylor*). Recently a panel of this court articulated that the methodology employed depends upon whether the prior offense constitutes a crime of violence (1) because it is an enumerated offense or (2) because it has as an element the use or attempted use of force. *See Mendoza-Sanchez*, 456 F.3d at 481–82. If it is the former, then the common sense approach is used; if it is the latter, then the categorical approach is used. *See id*. As the issue here involves whether the Tennessee offense constitutes the enumerated offense of aggravated assault, we employ the common sense approach.

Accordingly, this court must determine whether the Tennessee offense of aggravated assault is equivalent to the enumerated offense of aggravated assault "as that term is understood in its

---

[1]In *Omari v. Gonzales*, the court observed that indictments often conjunctively allege elements that are disjunctive in the corresponding statute and that "this does not require . . . that a defendant admit to all of them when pleading guilty." 419 F.3d 303, 309 n.10 (5th Cir. 2005). By contrast, in *United States v. Still*, the court stated that, when a defendant pleaded guilty to a conjunctive charge, he admitted both elements. 102 F.3d 118, 124–25 (5th Cir. 1996).

4

ordinary, contemporary, and common meaning." *Izaguirre-Flores*, 405 F.3d at 275 (internal

quotation and alteration omitted). "'When the statute of conviction encompasses prohibited behavior

that is not within the plain, ordinary meaning of the enumerated offense,' the conviction is not a crime

of violence as a matter of law." *United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006)

(quoting *Izaguirre-Flores*, 405 F.3d at 276–77). To distill the plain, ordinary meaning, this court

looks to sources such as the Model Penal Code, Professor LaFave's treatise, and legal dictionaries.

*See id*. at 327–29.

The issue before this court is whether a reckless aggravated assault is included in the ordinary,

contemporary, and common meaning of aggravated assault. Mungia directs the court to the Model

Penal Code, which defines aggravated assault:[2]

> Aggravated Assault. A person is guilty of aggravated assault if he:
>
> (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or
>
> (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon.

MODEL PENAL CODE § 211.1(2). By contrast, under Tennessee law, "reckless:"

> refers to a person who acts recklessly with respect to circumstances surrounding the conduct or the result of the conduct when the person is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint.

---

[2]The Model Penal Code merges battery and assault such that aggravated assault includes aggravated battery. Many state statutes do the same, including Tennessee. *See, e.g.,* IDAHO CODE § 18-905; TENN. CODE § 39-13-102; TEX. PENAL CODE § 22.02.

TENN. CODE § 39-11-302(c) (1991). Mungia argues that a reckless aggravated assault under the Model Penal Code is a kind of "depraved heart" recklessness that is greater than the "mere" recklessness required in Tennessee. Mungia also cites several states whose codes employ language similar to the "depraved heart" recklessness of the Model Penal Code or whose codes require a knowing or intentional mental state, in order to demonstrate that aggravated assault is commonly understood not to include the lower degree of recklessness. *See, e.g.,* FLA. STAT. § 784.03; IND. CODE § 35-42-2-1.5; MISS. CODE § 97-3-7; N.J. STAT. § 2C:12-1; WYO. STAT. § 6-2-502.

We reject Mungia's argument. We have held that a prior statute of conviction need not perfectly correlate with the Model Penal Code; "minor differences" are acceptable. *See United States v. Santiesteban-Hernandez*, 469 F.3d 376, 381 (5th Cir. 2006); *see also United States v. Sanchez-Ruedas*, 452 F.3d 409, 414 (5th Cir. 2006) ("Th[e] California Penal Code provision is sufficiently similar to the generic contemporary definition of aggravated assault to qualify categorically as an enumerated crime of violence."). As a result, the fact that the Tennessee statute defines "reckless" differently than the Model Penal Code is not fatal, and we find this difference in definition to be sufficiently minor. LaFave's treatise makes no special note of the degree of the mental culpability typical of an aggravated battery, and neither does Black's Law Dictionary. *See* 2 WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW, § 16.2(d); BLACK'S LAW DICTIONARY 162 (8th ed. 2004). We infer from this that a defendant's mental state in committing an aggravated assault, whether exhibiting "depraved heart" recklessness or "mere" recklessness, is not dispositive of whether the aggravated assault falls within or outside the plain, ordinary meaning of the enumerated offense of aggravated assault.

6

What is more significant than the manner in which Tennessee defines "reckless" is that its aggravated assault statute includes the two most common aggravating factors, the causation of serious bodily injury and the use of a deadly weapon. *See Fierro-Reyna*, 466 F.3d at 328; 2 LAFAVE, *supra*, § 16.2(d). With these considerations, the difference in the definition of "reckless" between the Tennessee statute and the Model Penal Code does not remove the Tennessee statute "from the family of offenses commonly known as 'aggravated assault.'" *See Sanchez-Ruedas*, 452 F.3d at 414; *see also United States v. Fuentes-Berlanga*, 149 F. App'x 258, 261 (5th Cir. 2005) (holding that a conviction for reckless aggravated assault under the applicable Texas statute qualifies as the enumerated offense of aggravated assault). We hold that the Tennessee statute falls within the ordinary, contemporary, and common meaning of aggravated assault and that Mungia's prior conviction qualifies as a crime of violence.[3]

### III. CONCLUSION

The judgment of the district court is AFFIRMED.

---

[3]Determining that this discrepancy in the definition of "reckless" does not remove the Tennessee statute from the plain, ordinary meaning of aggravated assault, we decline to exhaustively survey all state codes.