United States Court of Appeals
Fifth Circuit

**F I L E D**

September 18, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41302
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAMIRO MATA-ORTIZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-459-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ramiro Mata-Ortiz (Mata) appeals following his guilty plea to being illegally present in the United States following a prior deportation, in violation of 8 U.S.C. § 1326(b)(2). The district court increased Mata's base offense level by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) because it determined that Mata's prior conviction in Tennessee for reckless aggravated assault was a crime of violence. Mata argues that the enhancement was improper because the Tennessee offense is broader than the generic, contemporary meaning of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated assault. Mata's argument is unavailing in light of our decision in United States v. Mungia-Portillo, 484 F.3d 813, 816-17 (5th Cir. 2007).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Mata also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, ___ F.3d ___, 2007 WL 2033992, *1 (5th Cir. July 17, 2007).

AFFIRMED.