# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2009

Charles R. Fulbruge III
Clerk

No. 07-51333
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SERGIO FLORES-CONTRERAS, also known as Caleb Contreras-Flores

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1637-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sergio Flores-Contreras (Flores) appeals his 70-month sentence imposed following his guilty plea conviction for illegally reentering the United States without permission following deportation. He argues that the district court erred by relying on the presentence report (PSR) alone to determine that his South Carolina burglary conviction constituted a crime of violence warranting a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under the discretionary sentencing system established by *United States v. Booker*, 543 U.S. 220 (2005), district courts retain a duty to consider the Sentencing Guidelines, along with the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). This court reviews the sentence imposed for reasonableness in light of those factors. *Id.* at 519; *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007). However, because Flores failed to object to the imposition of the § 2L1.2(b)(1)(A)(ii) enhancement, this court reviews for plain error. *See United States v. Garza-Lopez*, 410 F. 3d 268, 272 (5th Cir. 2005). To establish plain error, Flores must prove "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *Id.* If Flores satisfies his burden of proof, this court "may exercise its discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Section 2L1.2 of the Sentencing Guidelines provides that the offense level for unlawfully entering or remaining in the United States shall be increased by 16 levels if the defendant has a prior conviction for a "crime of violence." *See* § 2L1.2(b)(1)(A)(ii). The commentary to § 2L1.2 defines "crime of violence" as (1) any specific enumerated offense, including "burglary of a dwelling," or (2) "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, comment. (n.1(B)(iii)). To determine whether a specific offense constitutes an enumerated offense under § 2L1.2(b)(1)(A)(ii), this court uses a "common sense approach," giving the enumerated offense its "ordinary, contemporary, [and] common meaning." *See United States v. Mungia-Portillo*, 484 F.3d 813, 816 (5th Cir. 2007) (internal quotation marks and citations omitted).

Flores is correct that the district court erred by relying on the PSR alone as the basis for a § 2L1.2(b)(1)(A)(ii) enhancement. *See Garza-Lopez*, 410 F.3d

at 274-75.  On appeal, however, we granted the Government's unopposed motion to supplement the record with, inter alia, charging documents relating to the burglary conviction.  *See United States v. Martinez-Vega*, 471 F.3d 559, 562 (5th Cir. 2006) (granting Government's motion to supplement record with state court indictment to support § 2L1.2 enhancement).  The charging documents, now part of the record, establish that Flores was charged with second degree burglary of a dwelling in violation of S.C. CODE ANN. § 16-11-312(A)(1976).  Section 16-11-312(A) states that a "person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime therein."

Flores has not raised as an issue, either in his initial brief or in a reply brief, whether his conviction for burglary of a dwelling was a crime of violence under § 2L1.2.  Accordingly, Flores has waived the argument.  *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

AFFIRMED.