**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-31040
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN JOEL MARTINEZ-HERNANDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CR-106-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Juan Joel Martinez-Hernandez pleaded guilty to illegal reentry following deportation. The presentence investigation report (PSR) recommended Martinez' advisory guidelines range to be 15 to 21 months of imprisonment. At sentencing, the district court upwardly departed and imposed a 36-month sentence. Martinez did *not* object, however, to that departure.

Citing *Shepard v. United States*, 544 U.S. 13 (2005) (limiting inquiry under the ACCA for determining whether a guilty plea admitted the elements

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the generic offense to: the terms of the charging document, plea agreement, or transcript of colloquy between judge and defendant), Martinez contends that the district court *plainly erred* because it "did not conduct an independent review of either the charging documents, plea agreements, minutes or transcripts relative to" the existence of his prior illegal-entry convictions. He asserts that the district court erroneously relied exclusively on the PSR and the 18 U.S.C. § 3553 factors.

As Martinez acknowledges, review is only for plain error. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008). To establish reversible plain error, Martinez must show: (1) there was error; (2) it was plain (clear or obvious); and (3) it affected his substantial rights. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If reversible plain error is established, we still have discretion to correct such error and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*.

In district court, Martinez failed to offer any rebuttal evidence to the facts contained in the PSR, including the existence of his three prior illegal-entry convictions. Here, Martinez does not challenge the district court's reasoning for the upward departure, including the existence of his prior convictions.

"*Shepard* does not apply when determining whether the Government has satisfied its burden of proof as to the existence of a prior conviction". *United States v. Neri-Hernandes*, 504 F.3d 587, 591 (5th Cir. 2007). Moreover, Martinez admitted to the existence of his prior convictions. *See United States v. Mendoza-Sanchez*, 456 F.3d 479, 483 (5th Cir. 2006). In sum, Martinez has failed to show the district court plainly erred. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

AFFIRMED.