# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2011

Lyle W. Cayce
Clerk

No. 10-20248
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABRAHAM PEREZ CASTRO, also known as Abraham Castro Perez, also known as Abraham Perez–Castro, also known as Abraham Perez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-672-1

Before JOLLY, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Abraham Perez Castro appeals his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2).  Castro contends that the district court erred by imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his Texas conviction for aggravated assault is not a crime of violence.  He argues that the Model Penal Code and the majority of states do not include in their definition of aggravated assault the method of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

committing aggravated assault through threatening conduct. Thus, he argues that Texas is in the minority of jurisdictions in which aggravated assault may be committed by threatening conduct. Because the Texas offense of aggravated assault can be committed in a way that does not fall within the generic, contemporary meaning of aggravated assault, Castro argues that it does not qualify as the enumerated offense of aggravated assault. Castro argues further that *United States v. Guillen-Alvarez*, 489 F.3d 197 (5th Cir. 2007), is not dispositive, as it does not address the argument that the offense encompasses threatening conduct and, therefore, does not meet the generic definition of aggravated assault.

"Although post-[*United States v. Booker*, 543 U.S. 220 (2005)], the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline sentencing range for use in deciding on the sentence to impose." *United States v. Goss*, 549 F.3d 1013, 1016 (5th Cir. 2008). A challenge to the district court's determination that a prior conviction is a crime of violence is a challenge to the court's application of the Guidelines that we review de novo. *United States v. Sandoval-Ruiz*, 543 F.3d 733, 734-35 (5th Cir. 2008).

We have rejected the same argument made by Castro in other cases. *See United States v. Delgado-Salazar*, 252 F. App'x 596, 597-98 (5th Cir. 2007); *United States v. Peraza-Chicas*, 254 F. App'x 399, 403-05 (5th Cir. 2007) (addressing a different statute). We find these cases to be persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006). Accordingly, our holding in *Guillen-Alvarez*, that a conviction under the Texas aggravated assault statute, Texas Penal Code § 22.02, is substantially similar to the generic, contemporary definition of aggravated assault and thus qualifies as the

enumerated offense of aggravated assault, is controlling. *Guillen-Alvarez*, 489 F.3d at 200-01.

The judgment of the district court is AFFIRMED.