**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 11, 2011

Lyle W. Cayce
Clerk

No. 11-40426
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARWIN SIERRA-ARRAZOLA, also known as Darwin Omar Sierra-Arrazola,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-2495-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Darwin Sierra-Arrazola (Sierra) appeals the 24-month sentence imposed following his guilty plea conviction for illegal reentry. *See* 8 U.S.C. § 1326. He contends that the district court erred in applying the 12 level enhancement in U.S.S.G. § 2L1.2(b)(1) based on his 2010 Utah drug conviction, arguing that the Utah conviction does not qualify as a "drug trafficking offense" on which the enhancement can be based. He insists that the Utah statute of conviction may be violated in ways that do not qualify as a drug-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trafficking offense under the Guidelines and that the Utah judgment and docket sheet submitted with the presentence report do not provide a sufficient basis under *Shepard v. United States*, 544 U.S. 13 (2005) for determining that his conviction was for a drug-trafficking offense.

Based on the Utah judgment of conviction, the district court ruled that Sierra had been convicted of distribution of a controlled substance. At the sentencing hearing, Sierra admitted that he had been charged and convicted in Utah because he had sold crack cocaine to an undercover police officer. This admitted conduct constitutes distribution of a controlled substance and falls within § 2L1.2's definition of a drug trafficking offense. *See* § 2L1.2, comment. (n.1(B)(iv)); 21 U.S.C. § 841(a). Sierra's admission that he distributed crack cocaine and the information in the Utah judgment are sufficient to establish his prior conviction for a drug trafficking offense. *See United States v. Mendoza-Sanchez*, 456 F.3d 479, 483 (5th Cir. 2006); *United States v. Garcia-Arrellano*, 522 F.3d 477, 480 (5th Cir. 2008). The district court did not err in applying the 12 level enhancement.

Sierra also argues claims he should not have been convicted and sentenced under § 1326(b)(2) because his sole prior conviction in Utah has not been shown to qualify as an "aggravated felony." An aggravated felony is defined in 8 U.S.C. § 1101(a) as "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18)." § 1101(a)(43)(B). Section 924(c) defines a drug trafficking crime as, inter alia, "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." Sierra's prior Utah conviction for distribution of a controlled substance thus qualifies as an aggravated felony. *See* § 841(a), and his contention to the contrary is without merit.

AFFIRMED.