# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2012

No. 11-40788
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABRAHAM RIVERA-ARROYO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-443-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Abraham Rivera-Arroyo appeals his sentence following his guilty plea conviction for being found unlawfully in the United States after a previous deportation. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(iii), the district court assessed a 16-level enhancement to Rivera-Arroyo's offense level under the Sentencing Guidelines because he was previously removed after a conviction for a firearms offense. Rivera-Arroyo challenges the propriety of that enhancement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The enhancement was assessed based on Rivera-Arroyo's 2008 guilty plea conviction under TEX. PENAL CODE § 46.05(a)(3), which prohibits a person from "intentionally or knowingly possess[ing] . . . a short-barrel firearm."  Pursuant to TEX. PENAL CODE § 46.01(10), the definition of a "short-barrel firearm" includes "a shotgun with a barrel length of less than 18 inches."  Rivera-Arroyo's charging document explicitly alleged that he possessed a short-barrel firearm in the form of a shotgun with a barrel length of less than 18 inches.

The 16-level enhancement under § 2L1.2(b)(1)(A)(iii) does not apply unless the defendant was previously convicted of a "firearms offense," which is defined, as relevant here, as "[a]n offense under federal, state, or local law that prohibits the possession of a firearm described in 26 U.S.C. § 5845(a)."  § 2L1.2, comment. (n.1(B)(v)(II)).  The firearms described in § 5845(a) include "(1) a shotgun having a barrel or barrels of less than 18 inches in length; [and] (2) a weapon made from a shotgun if such weapon as modified has . . . a barrel or barrels of less than 18 inches in length."  § 5845(a)(1), (2).

Rivera-Arroyo acknowledges that § 46.03(a)(5) prohibits the possession of a firearm described in § 5845(a) because both statutes encompass a shotgun or modified shotgun with a barrel length of less than 18 inches.  However, he argues that the enhancement was improperly assessed under the modified categorical approach stemming from *Taylor v. United States*, 495 U.S. 575, 600-02 (1990), and *Shepard v. United States*, 544 U.S. 13, 24-26 (2005).  According to Rivera-Arroyo, an individual may be convicted under § 46.05(a)(3) in instances when he would not be guilty of the generic offense of possession of a short-barrel shotgun under § 2L1.2, comment. (n.1(B)(v)(II)) because, unlike the federal government and the majority of states, Texas does not require the prosecution to prove that the defendant knew the barrel length of the shotgun was less than 18 inches.  Rivera-Arroyo contends that a defendant in Texas instead bears the burden of proving the affirmative defense of mistake of fact to

show that he had a reasonable belief that the length of the shotgun barrel was not legally deficient.

We ordinarily review the district court's application of the sentencing guidelines de novo. *United States v. Mungia-Portillo*, 484 F.3d 813, 815 (5th Cir. 2007). Under de novo review, an error in the calculation of a defendant's guidelines range is subject to the harmless error doctrine and would be upheld "only if the proponent of the sentence convincingly demonstrates both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing." *United States v. Ibarra-Luna*, 628 F.3d 712, 713-14 (5th Cir. 2010).

The Government contends that the plain error standard of review applies to Rivera-Arroyo's argument because it was not preserved in the district court. While Rivera-Arroyo does not dispute that he did not raise in the district court the specific argument he presents here, he contends that his objection to the 16-level enhancement was sufficient to preserve his instant argument. Apart from challenging whether the enhancement was sufficiently supported by evidence of his conviction, an issue that is not in dispute here, Rivera-Arroyo's written objection in the district court simply "urged that [the conviction] does not qualify as a 16 level enhancement pursuant to U.S.S.G. § 2L1.2." At sentencing, his only elaboration on the substance of the objection was the following abstruse statement by defense counsel: "And the only reason, also, is 'cause I know that where the law states manufactures, possesses and everything, I know that the actual charging instrument only said possess and they didn't include some of the other language. So that's why we're requesting a ruling."

Rivera-Arroyo's argument on the question whether his Texas conviction satisfied the definition under § 2L1.2, comment. (n.1(B)(v)(II)) receives about nine pages of legal briefing in his opening brief, discusses three state cases from the 1980s by the Texas intermediate court of appeals, and calls for a complex evaluation of whether Texas's application of its affirmative defense of mistake

of fact to offenses under § 46.05(a)(3) sufficiently differs from the majority of other jurisdictions in the United States. None of that argument or case law was brought to the attention of the district court. The Government's brief contains about five pages of legal briefing contending that Rivera-Arroyo's argument fails under plain error review.

Based on Rivera-Arroyo's conclusional and vague objection, the district court could not have intuited that Rivera-Arroyo would be making the extended and specific legal argument he now presents on appeal. *See United States v. Castillo*, 386 F.3d 632, 635-36 (5th Cir. 2004); *United States v. Cabral-Castillo*, 35 F.3d 182, 188-89 (5th Cir. 1994). Rivera-Arroyo's sparse objection in the trial court was insufficient to preserve his instant substantial and specific argument, and we thus apply the plain error standard of review.

To show plain error, Rivera-Arroyo must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* "An error is considered plain, or obvious, only if the error is clear under existing law." *United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007).

We have not decided whether an offense under § 46.05(a)(3) constitutes a firearms offense within the meaning of § 2L1.2, comment. (n.1(B)(v)(II)). Likewise, we have not addressed the specific argument that an offense under § 46.05(a)(3) does not qualify due to Texas's treatment of the affirmative defense of mistake of fact relative to violations of § 46.05(a)(3). Thus, Rivera-Arroyo's argument fails to show that any error by the district court in applying the 16-level enhancement constituted clear or obvious error. *See Salinas*, 480 F.3d at 756; *United States v. Diaz-Diaz*, 327 F.3d 410, 415 (5th Cir. 2003).

AFFIRMED.