# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 30, 2010

Lyle W. Cayce
Clerk

No. 09-51037
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ASCENCION GANDARILLA-BUENO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1413-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ascencion Gandarilla-Bueno (Gandarilla) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal.  For the first time on appeal, Gandarilla argues that the district court erred by applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior Nevada conviction for assault with a deadly weapon was not a conviction for a crime of violence.  Gandarilla contends that his Nevada offense was not a crime of violence because the Nevada statute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allows for convictions based upon the present ability to use a deadly weapon as well as the use of a deadly weapon.

Because Gandarilla did not raise this issue in the district court, we review for plain error only. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). To show plain error, Gandarilla must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

This court has previously held that Arizona, Texas, and Tennessee aggravated assault offenses qualified as generic aggravated assault offenses, making them crimes of violence under § 2L1.2. *See United States v. Guillen-Alvarez*, 489 F.3d 197, 199-201 (5th Cir. 2007); *United States v. Mungia-Portillo*, 484 F.3d 813, 815-17 (5th Cir. 2007); *United States v. Peraza-Chicas*, 254 F. App'x 399, 401-405 (5th Cir. 2007). The Nevada statute under which Gandarilla was convicted, NEV. REV. STAT. 200.471(1)(a)(2) and (2)(b), is substantially similar to the Arizona, Texas, and Tennessee aggravated assault statutes this court has previously considered. The provision allowing for a conviction based upon the present ability to use a deadly weapon is a "minor difference" that does not clearly remove the Nevada offense "from the family of offenses commonly known as aggravated assault.'" *Mungia-Portillo*, 484 F.3d at 817. Therefore, the district court did not commit plain error by applying the enhancement.

Gandarilla also argues that the enhancement was improper because the indictment and judgment from his Nevada conviction were not before the district court. This argument is refuted by the record as the information and judgment from the Nevada conviction were exhibits to the presentence report.

AFFIRMED.