# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2011

Lyle W. Cayce
Clerk

No. 09-31167

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HENRY L. MYLES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
09-CR-35-01

Before DAVIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Henry Myles pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court applied the base offense level pursuant to UNITED STATES SENTENCING GUIDELINES (U.S.S.G.) § 2K2.1(a)(2) (2008), which applies to defendants who have at least two prior felony convictions for crimes of violence. Myles now appeals his sentence of 92 months, arguing that the district court committed plain error by relying solely on the Presentence Report (PSR) to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31167

determine that his prior felony conviction for simple burglary of an inhabited dwelling qualified as a crime of violence (COV).  For the following reasons, we affirm Myles's sentence.

## I. FACTS

U.S.S.G. § 2K2.1(a) provides incremental offense levels that are triggered by a defendant's prior convictions that qualify as COV or drug trafficking offenses.  *United States v. McCann*, 613 F.3d 486, 502 (5th Cir. 2010).  Thus, section 2K2.1(a)(2) provides a base offense level of 24 if the defendant has two felony COV convictions.  *See* § 2K2.1(a)(2).  "Crime of violence" is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year" that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

§ 4B1.2(a); § 2K2.1, cmt. (n.1).

Pursuant to § 2K2.1(a)(2 ), the PSR placed Myles's base offense level at 24 due to his prior Louisiana convictions for "aggravated battery" and "simple burglary of an inhabited dwelling," which it characterized as COVs.  After making additional adjustments not relevant to this appeal, Myles's offense level was set at 25 with a criminal history category of VI, producing a guideline range of 92-120 months.

Although the stipulation of facts characterized Myles's prior burglary conviction as "simple burglary," he did not object to the PSR's determination that he had prior Louisiana convictions for aggravated battery and simple burglary of an inhabited dwelling, both of which qualified as COV convictions.  The

No. 09-31167

district court denied Myles's request for a downward departure by sentencing him within the guidelines range to 92 months of imprisonment.

## II. DISCUSSION

The only issue presented by this appeal is the propriety of the district court's determination that Myles's burglary conviction qualified as a COV. Myles asserts that the district court plainly erred in its determination that his Louisiana conviction of simple burglary of an inhabited dwelling was a qualifying COV conviction because the district court relied solely on information set forth in the PSR to support its determination. Myles argues that the Louisiana crime of simple burglary of an inhabited dwelling is not a qualifying COV because the offense may be committed even if no one is present at the time of the unauthorized entry, thus removing any element of force or potential risk of injury. Myles further argues that the district court was obligated under *Shepard v. United States*, 544 U.S. 13 (2005), and Fifth Circuit authority interpreting *Shepard*, to look beyond the PSR to determine whether his prior conviction was a COV.

Myles did not object to the PSR's description of his conviction as "simple burglary of an inhabited dwelling," and his brief to us does not object to this description of his offense. In fact, Myles's brief uses the terms "simple burglary" and "simple burglary of an inhabited dwelling" interchangeably, and in addressing the conviction, he affirmatively represents that he was convicted of "simple burglary of an inhabited dwelling" under LA. REV. STAT. ANN. 14:62.2. Therefore, as Myles did not dispute in the district court the PSR's determination that he was convicted of simple burglary of an inhabited dwelling, and he does not dispute this determination in his brief to this court, he has not preserved a claim that his burglary conviction was for any crime other than a violation of LA. REV. STAT. ANN. 14:62.2, simple burglary of an inhabited dwelling. *See United*

3

No. 09-31167

*States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir.), cert. denied, 131 S. Ct. 158 (2010).

Because Myles does not argue that the district court erred in determining that his prior Louisiana conviction of aggravated battery qualified as a COV conviction that warranted application of § 2K2.1(a)(2), he has also abandoned any challenge to that determination. *See id.*

### A. Standard of Review

Because Myles did not raise an objection to the district court's exclusive reliance on the PSR at sentencing, we review for plain error. *McCann*, 613 F.3d at 502. "Plain error exists where (1) there was an error, (2) it was clear or obvious, and (3) it affected the defendant's substantial rights." *Id.* Even where these conditions are met, we may only exercise our discretion to remand for resentencing if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

### B. Analysis

Pursuant to the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 599-602 (1990), and *Shepard*, 544 U.S. at 19-26, "[w]hen analyzing a prior conviction to determine whether it meets the requirements needed to trigger a particular offense level, the district court must confine its examination to the elements of the statute under which the prior conviction was obtained." *McCann*, 613 F.3d at 502.

"Due to *Shepard*, a district court may not apply a particular offense level based *solely* on the PSR's conclusory characterization of a prior conviction as having been for a [COV]." *Id.* (internal quotation marks and citation omitted, emphasis in original). When a court relies upon the PSR alone, "it makes an error that is clear and obvious." *Id.*; *see also United States v. Garza-Lopez*, 410 F.3d 268, 274-75 (2005) (holding that it is plain error for a district court to rely

4

No. 09-31167

solely on the PSR's characterization of an offense or recitation of facts in determining whether an enhancement applies).

Although it may not rely solely upon a PSR to determine that a Guidelines enhancement is appropriate, a district court may rely upon facts admitted by the defendant when determining whether an enhancement is applicable. *See United States v. Mendoza-Sanchez*, 456 F.3d 479, 483 (5th Cir. 2006) (relying upon defendant's admission of facts at his rearraignment to determine that his conviction qualified as a COV).

The district court relied solely upon the PSR in characterizing Myles's burglary conviction as a COV, and this was error that was clear and obvious under our cases. *See United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (5th Cir. 2006). However, given Myles's concession in his brief that the PSR's description of his conviction as one for simple burglary of an inhabited dwelling under LA. REV. STAT. ANN. § 14:62.2 was correct, it is clear that the district court's error did not affect Myles's substantial rights.

LA. REV. STAT. ANN. § 14:62.2 provides that "[s]imple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein." This language on its face shows that the Louisiana offense of simple burglary of an inhabited dwelling qualifies as "burglary of a dwelling" as enumerated in § 4B1.2(a). *See United States v. Davis*, 141 F.3d 1164 (5th Cir. 1998) (per curiam) (unpublished).

Accordingly, we AFFIRM the sentence of the district court.