# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 5, 2007**

Charles R. Fulbruge III
Clerk

No. 06-41153

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JORGE BALDERAS-RUBIO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before KING, GARZA, and BENAVIDES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Jorge Balderas-Rubio ("Balderas-Rubio") appeals the sentence imposed after his guilty-plea conviction for illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326. Balderas-Rubio challenges the district court's determination that his prior conviction for "Indecency or Lewd Acts with a Child Under the Age of Sixteen," in violation of Okla. Stat. tit. 21, § 1123, constitutes "sexual abuse of a minor" for purposes of the "crime of violence" sentencing enhancement under United States Sentencing Guideline ("U.S.S.G.") § 2L1.2.

I

In March 2006, Balderas-Rubio pleaded guilty to an indictment charging that he was unlawfully present in the United States after having been convicted of an aggravated felony and deported, in violation of 8 U.S.C. § 1326(a) and (b). Balderas-Rubio's presentence investigation report ("PSR") recommended increasing his base offense level of eight by sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).[1] The PSR asserted that Balderas-Rubio had been deported following a 1987 Oklahoma conviction for a qualifying "crime of violence," namely, "Indecency or Lewd Acts with a Child Under the Age of Sixteen." Balderas-Rubio filed a written objection to the PSR, in which he argued his prior offense was not a crime of violence because it did not require the use of force. The probation officer responded that the increase was appropriate because the conviction constituted "sexual abuse of a minor," which is one of the offenses enumerated in the application note to § 2L1.2.

At sentencing, the government provided documents related to Balderas-Rubio's prior conviction, including the Oklahoma bill of information and judgment of conviction. The bill of information, to which Balderas-Rubio pleaded guilty, charged him with violating Okla. Stat. tit. 21, § 1123, which provided, in pertinent part, that it was unlawful for any person "to intentionally look upon, touch, maul, or feel the body or private parts of any child under sixteen (16) years of age in any lewd or lascivious manner . . . ."  See OKLA. STAT. TIT. 21,

---

[1]  See U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)(ii) (2005) ("If the defendant previously was deported, or unlawfully remained in the United States, after) ) (A) a conviction for a felony that is . . . (ii) a crime of violence . . . increase by 16 levels").

§ 1123 (1985).[2] More specifically, the bill of information alleged that

> the crime of indecent or lewd acts with [a] child under sixteen was feloniously committed in Oklahoma County, Oklahoma by Jorge Rubio Balderas twenty six (26) years of age who knowingly and intentionally looked upon and touched the body and private parts of [L.W.] who was at the time seven (7) years of age, in a lewd and lascivious manner and in a manner calculated to arouse and excite sexual interests, to wit: by forcibly placing his penis into [L.W.]'s hands and having her masturbate him, contrary to the provisions of Section 1123 of Title 21 of the Oklahoma statutes . . . .

Balderas-Rubio's counsel conceded that the bill of information described "in remarkable detail conduct that could be considered sexual abuse." He pointed out, however, that the Oklahoma statute, in addition to proscribing the acts of touching, mauling, or feeling the body or private parts of a child, also criminalized the act of looking upon a child, and he contended that the statute therefore punished conduct that did not involve the intentional use of force or qualify as "sexual abuse of a minor." The district court overruled Balderas-Rubio's objection, reasoning that the description provided in the bill of information made clear that the Oklahoma conviction was a qualifying crime of violence.[3] Accordingly, the district court applied the sixteen-level enhancement

---

[2] The Oklahoma statute was amended in 1990, and the portion of the statute under which Balderas-Rubio was convicted now corresponds to subsection (A)(4). For ease of explanation, we will hereinafter refer to this portion of the statute as "Okla. Stat. tit. 21, § 1123(A)(4)."

[3] The district court provided little analysis for its determination that Balderas-Rubio's prior conviction was a crime of violence, and it is therefore unclear how the district court arrived at that determination. But to the extent the district court based its determination solely on the description of Balderas-Rubio's conduct set forth in the bill of information, without first examining the conduct proscribed by Okla. Stat. tit. 21, § 1123, the district court's analysis was flawed. See, e.g., United States v. Torres-Diaz, 438 F.3d 529, 534-37 (5th Cir. 2006) (recognizing that a court may look to the charging document in making a crime of violence determination, but only where the statute provides disjunctive methods of committing the offense and the court needs to determine which of the statutory alternatives is involved in the particular case).

and sentenced Balderas-Rubio to fifty-one months in prison and three years of supervised release.

## II

## A

Balderas-Rubio preserved error by objecting to the enhancement in the district court,[4] and we therefore review district court's characterization of Balderas-Rubio's prior conviction de novo. See United States v. Calderon-Pena, 383 F.3d 254, 256 (5th Cir. 2004) (en banc); United States v. Vargas-Duran, 356 F.3d 598, 602 (5th Cir. 2004) (en banc).

## B

Section 2L1.2(b)(1)(A)(ii) provides that an alien convicted of being unlawfully present in the United States following deportation is subject to a 16-level enhancement if, before his deportation, he was convicted of a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The application note to § 2L1.2 defines a "crime of violence" as

> any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

Id. § 2L1.2, cmt. n.1(B)(iii) (emphasis added). Thus, the sixteen-level enhancement was warranted in this case if Okla. Stat. tit. 21, § 1123(A)(4) either (1) is one of the enumerated offenses set forth in the application note, or (2) has

---

[4] The government's assertion that Balderas-Rubio's argument on appeal does not comport with his objection in the district court is without merit. The transcript of the sentencing hearing demonstrates that Balderas-Rubio specifically asserted that his prior conviction did not qualify as a crime of violence because it did not involve the use of force or constitute sexual abuse of a minor.

as an element the use, attempted use, or threatened use of force. Balderas-Rubio argues that his conviction does not fall into either category.

Balderas-Rubio first contends that his violation of the Oklahoma statute does not, as the district court found, constitute the enumerated offense of sexual abuse of a minor. "In determining whether a prior offense is equivalent to an enumerated offense that is not defined in the Guidelines, like [sexual abuse of a minor], we have said that 'we must define [the enumerated offense] according to its generic, contemporary meaning . . . .'" United States v. Murillo-Lopez, 444 F.3d 337, 339 (5th Cir. 2006) (first brackets added) (quoting United States v. Dominguez-Ochoa, 386 F.3d 639, 642-43 (5th Cir. 2004)). "We have also said that we must apply a 'common sense approach' in determining whether a prior conviction constitutes an enumerated offense as that offense 'is understood in its ordinary, contemporary, [and] common meaning.'" Id. (quoting United States v. Izaguirre-Flores, 405 F.3d 270, 274-75 (5th Cir. 2005)). "If the statute of conviction is overly broad, we may also examine certain adjudicative records to determine whether the prior conviction qualifies as an enumerated offense." Id. at 339-40 (citing Izaguirre-Flores, 405 F.3d at 274 n.14). "These records are generally limited to the 'charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented.'" Id. (quoting United States v. Gonzalez-Chavez, 432 F.3d 334, 337-38 (5th Cir. 2005)).

Balderas-Rubio concedes that the phrase "sexual abuse of a minor" is defined broadly to include not only those crimes that involve sexual contact with a minor but also those crimes that involve sexual conduct in the presence of a minor. See, e.g., Izaguirre-Flores, 405 F.3d at 275-76 ("Gratifying or arousing

5

one's sexual desires in the actual or constructive presence of a child is sexual abuse of a minor. Taking indecent liberties with a child to gratify one's sexual desire constitutes 'sexual abuse of a minor' because it involves taking undue or unfair advantage of the minor and causing [the] minor psychological)) if not physical)) harm."). Even so, Balderas-Rubio argues, the definition of "sexual abuse of a minor" is not as broad as Okla. Stat. tit. 21, § 1123(A)(4), which could conceivably punish a person who merely lewdly or lasciviously looks upon a minor from afar, without the minor's knowledge. In Balderas-Rubio's view, such an act, committed outside the minor's presence and without the minor's knowledge, does not qualify as sexual abuse of a minor because there is no potential for psychological harm. As an example, Balderas-Rubio suggests that a person who uses binoculars or a telephoto camera lens to "look upon" a minor for a purpose related to sexual gratification could be convicted under Okla. Stat. tit. § 1123(A)(4), even though such an act would not fall within the ordinary, common-sense meaning of sexual abuse of a minor. Thus, Balderas-Rubio argues, because not all of the conduct prohibited by Okla. Stat. tit. 21, § 1123(A)(4) constitutes sexual abuse of a minor, the statute sweeps too broadly to qualify as the enumerated offense as a matter of law.

Even if Balderas-Rubio were correct that his example would be punishable under Okla. Stat. tit. 21, § 1123(A)(4) but fall outside the generic definition of sexual abuse of a minor, he has "failed to show a realistic probability that [Oklahoma] would in fact punish conduct of the type he describes." United States v. Ramos-Sanchez, 483 F.3d 400, 404 (5th Cir. 2007). As the Supreme Court recently explained,

> [T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than

the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic possibility, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.

United States v. Duenas-Alvarez, 127 S. Ct. 815, 822 (2007). In this case, Balderas-Rubio has identified no instance of a person being convicted under Okla. Stat. tit. 21, § 1123(A)(4) for merely looking at a minor from a distance and without the minor's knowledge. And as the bill of information makes clear, Balderas-Rubio's own conviction is not such an example. "Though it is theoretically possible that [Oklahoma] might punish such an act, [Balderas-Rubio] points to no evidence of a realistic possibility of such a prosecution." Ramos-Sanchez, 483 F.3d at 404. Accordingly, we reject Balderas-Rubio's contention that Okla. Stat. tit. 21, § 1123(A)(4) is overly broad and hold instead that his Oklahoma conviction constitutes "sexual abuse of a minor" for the purposes of U.S.S.G. § 2L1.2 (b)(1)(A)(ii) as a matter of law.[5]

### III

Balderas-Rubio also challenges the constitutionality of 8 U.S.C. § 1326(b)(1) and (2). He concedes that the challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule it in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). We have

---

[5] Because we conclude that Balderas-Rubio's conviction was for the enumerated offense of sexual abuse of a minor, we do not reach the question of whether the offense also qualifies as a crime of violence due to having as an element the use, attempted use, or threatened use of force.

repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See, e.g., United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Balderas-Rubio properly concedes that his argument is foreclosed in light of circuit precedent and raises it here only to preserve it for further review.

## IV

For the foregoing reasons, we conclude that the district court did not err in determining that Balderas-Rubio's prior conviction was a crime of violence for purposes of the sentencing enhancement set forth at U.S.S.G. § 2L1.2(b)(1)(A)(ii). Accordingly, we AFFIRM the sentence imposed by the district court.