# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2011

Lyle W. Cayce
Clerk

No. 09-51097

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE ANTONIO OLALDE-HERNANDEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, SMITH, and ELROD, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Jose Antonio Olalde-Hernandez pleaded guilty to one count of illegal reentry into the United States following deportation under 8 U.S.C. § 1326 and was sentenced to seventy months of imprisonment. He argues that his sentence was improperly enhanced because his prior Georgia conviction for child molestation was not a "crime of violence," as the term is used in the United States Sentencing Guidelines (U.S.S.G), and that his sentence violates due process. We affirm.

## I.

With respect to his first argument, Olalde-Hernandez contends that the district court erred by concluding that his conviction for child molestation under Georgia Code § 16-6-4(a) constitutes a "crime of violence" under U.S.S.G.

§ 2L1.2(b)(1)(A)(ii).   In particular, he argues that child molestation under Georgia law is not a "crime of violence" because (1) the term "molestation" is not one of the enumerated offenses defining the term "crime of violence," and (2) the Georgia statute encompasses criminal conduct that does not require evidence of force or violence and lacks as an element the use of force or violence.   The government contends that Georgia's child-molestation statute constitutes "sexual abuse of a minor," which is an enumerated "crime of violence" under the sentencing guidelines.   For the following reasons, we agree with the government and affirm the district court's determination that child molestation under Georgia Code § 16-6-4(a) constitutes a "crime of violence."

Because Olalde-Hernandez raised this argument before the district court, we review the district court's characterization of a prior conviction as a "crime of violence" *de novo. United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005); *see also United States v. Calderon-Pena*, 383 F.3d 254, 256 (5th Cir. 2004) (en banc).   Under the sentencing guidelines, an alien convicted of illegal reentry pursuant to 8 U.S.C. § 1326 is subject to a sixteen-level sentencing enhancement if the alien was previously removed, or unlawfully remained in the United States, after conviction for a crime of violence.   U.S.S.G. § 2L1.2(b)(1)(A)(ii).   The application note to § 2L1.2 defines the term "crime of violence" as being either (a) any of a list of specified enumerated offenses, including "sexual abuse of a minor," or (b) "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."   U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).   Applying this two-prong definition, if we conclude that Georgia's child-molestation statute falls within the enumerated offense of "sexual abuse of a minor," our inquiry is at an end, and there is no need to determine whether Georgia's statute has as an element the use of force.   *See United States v. Balderas-Rubio*, 499 F.3d 470, 474 n.5 (5th Cir. 2007).

"In deciding whether a prior statute of conviction qualifies as a crime of violence, this court has alternatively employed (1) a 'common sense approach,' defining the offense according to its 'ordinary, contemporary, [and] common meaning,' or (2) a 'categorical approach,' defining the offense according to a 'generic, contemporary definition.'" *United States v. Mungia-Portillo*, 484 F.3d 813, 816 (5th Cir. 2007) (alteration in original) (citations omitted). The particular approach used depends on

> whether the prior offense constitutes a crime of violence (1) because it is an enumerated offense or (2) because it has as an element the use or attempted use of force. If it is the former, then the common sense approach is used; if it is the latter, then the categorical approach is used.

*Id*. (citation omitted). Olalde-Hernandez urges this court to use a "categorical approach." This approach, however, is appropriate only if this court determines that the prior offense at issue does not actually constitute an enumerated "crime of violence." *See Izaguirre-Flores*, 405 F.3d at 274-75 (noting that a "common sense approach to the question satisfies us" where the court only analyzes whether the offense at issue is an enumerated offense). Accordingly, we use a "common sense approach" to determine whether Olalde-Hernandez's prior conviction for child molestation constitutes "sexual abuse of a minor" as that term is understood in its "ordinary, contemporary, [and] common meaning." *See id*. at 275 (internal quotation marks omitted); *see also United States v. Munoz-Ortenza*, 563 F.3d 112, 114 (5th Cir. 2009). If the statute of conviction prohibits behavior that is not within the plain, ordinary meaning of the enumerated offense, the prior offense is not a "crime of violence." *Mungia-Portillo*, 484 F.3d at 816. "We ground this analysis in the statute of conviction rather than the defendant's specific conduct." *Munoz-Ortenza*, 563 F.3d at 114.

In ascertaining whether a particular offense constitutes a crime of violence, this court looks "'only to the particular subdivision of the statute under which the defendant was convicted.'" *United States v. Najera-Najera*, 519 F.3d

509, 511 (5th Cir. 2008) (citing *United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006)).  Olalde-Hernandez was convicted under Georgia Code § 16-6-4(a) of one count of child molestation.  Under that statute, "[a] person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."  Ga. Code Ann. § 16-6-4(a).  To determine whether an offense qualifies as "sexual abuse of a minor," this court has focused on three elements: "(1) whether the defendant's conduct involved a [minor]; (2) whether the conduct was 'sexual'; and (3) whether the sexual conduct was 'abusive.'"[1] *Najera-Najera*, 519 F.3d at 511.  Here, the conduct proscribed by § 16-6-4(a) certainly involves a minor.  *See United States v. Zavala-Sustaita*, 214 F.3d 601, 604 (5th Cir. 2000) ("[A] child younger than 17 years . . . is clearly a minor." (internal quotation marks omitted)); *see also Munoz-Ortenza*, 563 F.3d at 115 (noting that "[t]hirty-nine states, federal law, and the Model Penal Code define minor as one under sixteen (or younger) . . . [,] [f]ive states define minor . . . as one under seventeen[, and] [s]ix states and the District of Columbia define minor as one under eighteen").

With respect to the second and third elements, this court has noted that the term "sexual" is defined as "'of, relating to, or associated with sex as a characteristic of an organic being,'" and the term "abuse" is defined as "to 'take unfair or undue advantage of' or 'to use or treat so as to injure, hurt, or damage.'"  *Izaguirre-Flores*, 405 F.3d at 275 (quoting Webster's Third New International Dictionary 8, 2082 (1986)); *see also Zavala-Sustaita*, 214 F.3d at 604 (defining "sexual" as "'[o]f, pertaining to, affecting, or characteristic of sex,

---

[1] Olalde-Hernandez does not even attempt to argue that the proscribed conduct fails to satisfy this three-part test.  He fails to present any arguments supporting his bald assertion that Georgia's child-molestation statute does not qualify as an enumerated offense under the Sentencing Guidelines.

the sexes, or the sex organs and their functions,'" and "abuse" as "'[t]o use wrongly or improperly' or '[t]o hurt or injure by maltreatment'" (quoting The American Heritage Dictionary 70, 1124 (2d College ed. 1982)). The proscribed conduct meets both of these criteria.

Applying these definitions, this court has previously held that an act is "sexual" when it "must have sexual arousal or gratification as its purpose." *Zavala-Sustaita*, 214 F.3d at 604; *see also Izaguirre-Flores*, 405 F.3d at 275. Accordingly, a violation under § 16-6-4(a) is "sexual" because it must occur "with the intent to arouse or satisfy the sexual desires of either the child or the person." Ga. Code Ann. § 16-6-4(a). In addition, as in *Izaguirre-Flores*, the proscribed conduct is also "abusive" because the prohibited act "involves taking undue or unfair advantage of the minor and causing such minor psychological—if not physical—harm." 405 F.3d at 275-76; *see also United States v. Diaz-Ibarra*, 522 F.3d 343, 352 (4th Cir. 2008) ("Georgia courts have 'strictly construed' § 16-6-4 to require that the molestative act occur in the presence of the child *and*, it appears, that the child be aware of the perpetrator's presence." (citing *Vines v. State*, 499 S.E.2d 630, 631 (Ga. 1998)). Simply put, the best "ordinary, contemporary, common" reading of the phrase "sexual abuse of a minor" is that it encompasses a violation of Georgia Code § 16-6-4(a). Accordingly, we hold that § 16-6-4(a) is a "crime of violence" for the purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).

This reading is consistent with this court's analyses of similar offenses. For example, in *Izaguirre-Flores*, this court analyzed a North Carolina statute that prohibited a person sixteen years of age or older (and at least five years older than the victim) from taking or attempting to take "any immoral, improper, or indecent liberties" with any child under the age of sixteen for the purpose of arousing or gratifying sexual desire. 405 F.3d at 271 n.1. This court held that such conduct constituted "sexual abuse of a minor":

> Gratifying or arousing one's sexual desires in the actual or constructive presence of a child is sexual abuse of a minor. Taking indecent liberties with a child to gratify one's sexual desire constitutes 'sexual abuse of a minor' because it involves taking undue or unfair advantage of the minor and causing such minor psychological—if not physical—harm.

*Id*. at 275-76 (citations omitted). In reaching that decision, this court relied in part on *Zavala-Sustaita*, which refused to limit the term "sexual abuse of a minor" to only those offenses involving physical contact. 214 F.3d at 605. "Since psychological harm can occur without physical contact, a distinction based only on physical contact would miss the essential nature of 'sexual abuse.'" *Id*.

Similarly, in *Balderas-Rubio*, this court determined that Oklahoma's statute prohibiting "Indecency or Lewd Acts with a Child Under the Age of Sixteen" constitutes "sexual abuse of a minor" and is therefore a "crime of violence" under the Sentencing Guidelines. 499 F.3d at 471-73. In that case, this court reaffirmed its holding in *Izaguirre-Flores* "that the phrase 'sexual abuse of a minor' is defined broadly to include not only those crimes that involve sexual contact with a minor but also those crimes that involve sexual conduct in the presence of a minor." *Id*. at 473 (citing *Izaguirre-Flores*, 405 F.3d at 275-76). Moreover, our reading of § 16-6-4(a) comports with the Fourth Circuit's decision in *Diaz-Ibarra*, holding that § 16-6-4 constitutes "'sexual abuse of a minor' and in turn qualifies as a 'crime of violence' under [Sentencing] Guideline § 2L1.2(b)(1)(A)(ii)." 522 F.3d at 353.

Because we hold that § 16-6-4(a) constitutes the enumerated offense of "sexual abuse of a minor," we need not employ a "categorical approach" to determine whether the underlying statute of conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another" according to its "generic, contemporary definition." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii); *Mungia-Portillo*, 484 F.3d at 816; *see, e.g.*, *Balderas-Rubio*, 499 F.3d at 474 n.5 ("Because we conclude that Balderas-Rubio's conviction was for

6

the enumerated offense of sexual abuse of a minor, we do not reach the question of whether the offense also qualifies as a crime of violence due to having as an element the use, attempted use, or threatened use of force."); *see also United States v. Velez-Alderete*, 569 F.3d 541, 546 (5th Cir. 2009) (refusing to consider additional assertions concerning whether the underlying statute involves a threat of force where the court first concluded that the offense falls within the meaning of arson—an enumerated offense); *United States v. Sarmiento-Funes*, 374 F.3d 336, 338 (5th Cir. 2004) ("An offense can be a 'crime of violence' either because it has as an element the use of force . . . or because it fits within the enumerated list . . . ."). Accordingly, Olalde-Hernandez's argument—that § 16-6-4(a) is not a "crime of violence" because it does not have as an element the use of force or violence—is inapposite here.

## II.

With respect to his second argument, Olalde-Hernandez maintains that his sentence violates due process and is illegal because the indictment did not charge him with having a prior felony conviction and, alternatively, that 8 U.S.C. § 1326(b) is unconstitutional. As Olalde-Hernandez conceded during sentencing and on appeal, the Supreme Court has specifically foreclosed these arguments. In *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), the Supreme Court held that a prior conviction need not be treated as an element of the offense for Sixth Amendment purposes. Olalde-Hernandez argues that the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), has cast some doubt on its holding in *Almendarez-Torres*. Nevertheless, since *Apprendi*, the Supreme Court has reaffirmed its ruling in *Almendarez-Torres*. *See James v. United States*, 550 U.S. 192, 214 n.8 (2007) ("[W]e have held that prior convictions need not be treated as an element of the offense for Sixth Amendment purposes." (citing *Almendarez-Torres*, 523 U.S. at 224)). Moreover, binding precedent in this circuit forecloses his arguments. *See United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007) ("Because the Supreme

Court treats *Almendarez-Torres* as binding precedent, [the defendant's] argument is fully foreclosed from further debate.").

## III.

For the foregoing reasons, we conclude that Olalde-Hernandez's prior conviction is a "crime of violence" for purposes of the sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Olalde-Hernandez's other arguments are foreclosed by *Almendarez-Torres*.  AFFIRMED.