# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20236
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS HERNANDEZ-MEJIA, also known as Luis Hernandez, also known as Luis Hernandez Mejia, also known as Nicolas Arellano-Cardenas, also known as Nicolas Arrellano-Pinedca, also known as Nicolas Arrellano-Pineda, also known as Nicolas Areano-Pineda, also known as Nicolas Arriano-Pineda,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-9-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Luis Hernandez-Mejia appeals the sentence imposed following his guilty plea conviction for illegal reentry by a previously deported alien. He contends that his prior conviction for aggravated robbery with a deadly weapon under Texas Penal Code § 29.03(a)(2) does not constitute a crime of violence under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20236

U.S.S.G. § 2L1.2 and that, for this reason, the district court erred in assessing the 16-level enhancement of § 2L1.2(b)(1)(A)(ii).

In support of his arguments, Hernandez-Mejia contends that his prior aggravated robbery offense does not qualify as the offense of robbery enumerated in the definition of crime of violence under § 2L1.2 because his Texas statute of conviction incorporates all Chapter 31 theft offenses under the Texas Penal Code, including theft by deception. He contends that theft by deception falls outside the generic definition of theft and that the Texas aggravated robbery statute thus criminalizes conduct outside the generic meaning of robbery. Because theft by deception under Texas law does not deviate from the generic crime of theft, Hernandez-Mejia's argument is unavailing. *See United States v. Rodriguez-Salazar*, 768 F.3d 437, 438 (5th Cir. 2014).

Hernandez-Mejia additionally argues that his Texas offense does not have an element requiring the use, attempted use, or threatened use of force against another person and that, for this reason, the offense does not qualify as a crime of violence under the residual clause included in the definition of crime of violence under § 2L1.2. The definition of crime of violence is an either/or proposition. *See United States v. Olalde-Hernandez*, 630 F.3d 372, 374 (5th Cir. 2011). Because Hernandez-Mejia's prior offense qualifies as the enumerated offense of robbery, we need not address his argument about the residual "force" clause. *See id.*

AFFIRMED.

2