# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 14-20117
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO ROBERTO PERDOMO-CABALLERO, also known as Carlos Enrique Martinez, also known as Mario Roberto Perdomo, also known as Oscar Guarado, also known as Mario Roberto Perdomo Caballero, also known as Mario Perdomo, also known as Jose Francisco Vasqu Mejia,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-676-1

—————

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mario Roberto Perdomo-Caballero appeals his guilty-plea conviction for illegal reentry into the United States following deportation and his sentence of 69 months of imprisonment. 8 U.S.C. § 1326(a) and (b)(2). For the first time on appeal, Perdomo-Caballero argues that the district court erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20117

calculating his offense level by adding 16 levels under U.S.S.G. § 2L1.2 for a prior Texas conviction for aggravated robbery. *See* Tex. Penal Code § 29.03. More specifically, he contends that the Texas offense of theft, which is incorporated into the Texas aggravated robbery offense, is broader than the generic, contemporary meaning of theft because the Texas offense includes theft by deception. *See* TEX. PENAL CODE §§ 29.02, 29.03, 31.03.

We recently rejected the argument that Texas theft is not equivalent to a generic theft offense due to the theft by deception provision of Texas Penal Code § 31.03(a). *See United States v. Rodriguez-Salazar*, 768 F.3d 437, 438 (5th Cir. 2014). Because Perdomo-Caballero's prior offense qualifies as the enumerated offense of robbery under § 2L1.2's definition of crime of violence, we do not address his second argument that his prior conviction is not a crime of violence under the residual "force" clause of that definition. *See United States v. Olalde-Hernandez*, 630 F.3d 372, 376 (5th Cir. 2011).

Accordingly, the judgment of the district court is AFFIRMED.