# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 14-20283
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR MIGUEL FLORES-SOTO, also known as Edgar Miguel Flores, also known as Edgar Flores, also known as Edgar Flores Soto,

Defendant-Appellant

———————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-558

———————————

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Edgar Miguel Flores-Soto appeals his sentence following his guilty plea conviction for illegal reentry after deportation. He raises two arguments. He first contends that his prior conviction for aggravated robbery under Texas Penal Code § 29.03(a)(2) does not constitute a crime of violence pursuant to U.S.S.G. § 2L1.2 and that the district court therefore erred in assessing the 16-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level enhancement of § 2L1.2(b)(1)(A)(ii).  He also argues that his aggravated robbery offense fails to qualify as a crime of violence under the residual "force" clause, as the offense does not require the use, attempted use, or threatened use of force against another person.  *See* § 2L1.2 cmt. n.1(B)(iii).

With respect to Flores-Soto's first argument, he claims that his prior aggravated robbery offense does not qualify as the offense of robbery, as enumerated in § 2L1.2, because his Texas statute of conviction incorporates all Chapter 31 theft offenses under the Texas Penal Code, including theft by deception.  He argues that theft by deception falls outside the generic definition of theft and that the Texas aggravated robbery statute therefore criminalizes conduct outside the generic meaning of robbery.  However, a decision by this court, issued after Flores-Soto filed his initial brief, forecloses his argument.  *See United States v. Rodriguez-Salazar*, 768 F.3d 437, 438 (5th Cir. 2014).  Because theft by deception under Texas law does not deviate from the generic crime of theft, Flores-Soto's argument is unavailing.  *Id.*; *see also United States v. Hernandez-Mejia*, 588 F. App'x 376 (5th Cir. 2014).

Accordingly, the district court did not err in assessing the 16-level enhancement of § 2L1.2(b)(1)(A)(ii).  Because Flores-Soto's prior offense qualifies as the enumerated offense of robbery under § 2L1.2's definition of a crime of violence, we do not address his second argument that his prior conviction is not a crime of violence under the residual "force" clause of that definition.

AFFIRMED.