# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40986
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR JESUS LOPEZ-CHAVEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-236

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hector Jesus Lopez-Chavez appeals the 41-month sentence imposed upon his guilty plea conviction for being found unlawfully present in the United States after having previously been deported, in violation of 8 U.S.C. § 1326(a), (b). The district court enhanced Lopez-Chavez's sentence based upon its finding that his prior Nebraska conviction for attempted sexual assault in the first degree on a child was a crime of violence under U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(1)(A).   Chavez-Lopez argues that the offense for which he was convicted did not qualify as a crime of violence because the statute under which he was convicted was overly broad and did not constitute "statutory rape" or "sexual abuse of a minor."

Lopez-Chavez did not object on this basis in the district court. Accordingly, we review for plain error only.  *See United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003); *see also United States v. Chavez-Hernandez*, 671 F.3d 494, 497-98 (5th Cir. 2012).  Lopez-Chavez must show, inter alia, an error that was clear or obvious.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also United States v. Henao-Melo*, 591 F.3d 798, 806 (5th Cir. 2009).

In 2008, Lopez-Chavez pleaded no contest to criminal attempted sexual assault in the first degree on a child in violation of NEB. REV. STAT. §§ 28-319(1)(c) and 28-201(1)(b).  Although we have not addressed that particular statute, given the plain meaning of "sexual abuse of a minor" as we have defined that offense, we discern no clear or obvious error and likely no error at all.  *See* § 2L1.2, comment (n.1(B)(iii)); *United States v. Rodriguez*, 711 F.3d 541, 548, 552-53, 562 (5th Cir. 2013) (en banc); *United States v. Zavala-Sustaita*, 214 F.3d 601, 603-04 (5th Cir. 2000); *see also United States v. Sanchez*, 667 F.3d 555, 559 (5th Cir. 2012) (noting that an attempt to commit an offense under a qualifying statute is a crime of violence as well).  Moreover, even if Lopez-Chavez could show plain error, we would decline to exercise our discretion to correct it; errors that result in sentence increases, even substantial ones, "do[] not inevitably affect the fairness, integrity, or public reputation of judicial process and proceedings." *United States v. Ellis*, 564 F.3d 370, 378–79 (5th Cir. 2009).  Given the foregoing, we need not determine

whether a violation also qualifies as "statutory rape." *See United States v. Balderas-Rubio*, 499 F.3d 470, 474 n.5 (5th Cir. 2007).

The judgment of the district court is AFFIRMED.