**UNITED STATES of America, Plaintiff-Appellee**

v.

**Jose Isaac VELASQUEZ-ARGUETA, Defendant-Appellant**

**No. 16-41377**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed May 18, 2017

Jimmy Eric Pardue, Assistant U.S. Attorney, Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Jose Isaac Velasquez-Argueta, Pro Se

Before HIGGINBOTHAM, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Jose Isaac Velasquez-Argueta appeals his within-guideline sentence for his guilty-plea conviction of illegally reentering the United States after deportation. He argues that the district court erred in concluding that his Maryland conviction for robbery with a dangerous weapon qualified as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2014). The Government moves for summary affirmance in

light of *United States v. Segovia,* 770 F.3d 351, 355 (5th Cir. 2014), and alternatively moves for an extension of time to file its brief.

In *Segovia,* our court held that a Maryland conviction for robbery with a dangerous and deadly weapon fell within the "use of force" catch-all of § 2L1.2(b)(1)(A)(ii). 770 F.3d at 355. We concluded that the Guideline applied "because robbery with a dangerous weapon under Maryland law requires the use of force or threatened use of force." *Id.* (citing *Coles v. State,* 374 Md. 114, 821 A.2d 389, 395 (2003)). Velasquez-Argueta argues that his Maryland robbery conviction is broader than generic robbery and does not fall under the "use of force" catch-all of § 2L1.2(b)(1)(A)(ii). *Segovia,* however, rejected these arguments and, thus, controls. 770 F.3d at 354-55.

Velasquez-Argueta advances one argument that *Segovia* did not address: that the Maryland statute does not require the *intentional* use of physical force and, thus, cannot fall within the § 2L1.2 catch-all. Nonetheless, this argument also lacks merit. As our court recently explained, the "use of force" requirement in the § 2L1.2 catch-all demands "that the act be more than involuntary" but does not concern itself with a specific *mens rea* required by the statute of conviction. *See United States v. Mendez-Henriquez,* 847 F.3d 214, 221-22 (5th Cir. 2017). Despite Velasquez-Argueta's argument, the intent requirement for a Maryland robbery conviction meets this standard. *See* MD. CODE ANN., CRIM. LAW § 3-401(e)(2); *Harris v. State,* 353 Md. 596, 728 A.2d 180, 188 (1999); *Hook v. State,* 315 Md. 25, 553 A.2d 233, 236 (1989).

As *Segovia* does not foreclose all of Velasquez-Argueta's arguments, the motion for summary affirmance is DENIED. Even so, in light of both *Segovia* and *Men-*

*dez-Henriquez,* Velasquez-Argueta's challenges on appeal are unavailing. Therefore, we dispense with further briefing, and the alternative motion for an extension of time to file a brief is DENIED. The judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has

determined that this opinion should not be