# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20133
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JEFFERY ARNOLD DEAL,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-336-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jeffery Arnold Deal pleaded guilty to an indictment charging him with two counts of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to concurrent terms of 63 months of imprisonment and three years of supervised release.

On appeal, Deal challenges the calculation of his guidelines range of imprisonment under U.S.S.G. § 2K2.1(a)(4)(A), which states that the base

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20133

offense level is 20 if the offense occurred subsequent to a felony conviction for a crime of violence. He avers that his Texas conviction for robbery no longer qualifies as a crime of violence because the former residual clause and accompanying commentary of U.S.S.G. § 4B1.2(a)(2) are invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). That argument is unavailing, *see Beckles v. United States*, 137 S. Ct. 886, 892 (2017), and Texas robbery qualifies as an enumerated crime of violence under the former commentary to § 4B1.2, *see United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380-81 (5th Cir. 2006), *overruled on other grounds by United States v. Rodriguez*, 711 F.3d 541, 547-63 (5th Cir. 2013) (en banc); *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011); *United States v. Velasco*, 465 F.3d 633, 641 n.9 (5th Cir. 2006) (definitions of crime of violence set forth in U.S.S.G. §§ 4B1.2 and 2L1.2 are treated interchangeably). Because the offense qualifies as an enumerated crime of violence, we need not address Deal's additional argument that Texas robbery does not constitute a crime of violence under § 4B1.2 because it lacks the element of use, threatened use, or attempted use of force. *See United States v. Olalde-Hernandez*, 630 F.3d 372, 376 (5th Cir. 2011).

AFFIRMED.