# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2015

Lyle W. Cayce
Clerk

No. 14-10081
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OGHENERO PETER TORITSEJU ALUYA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-114-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Oghenero Peter Toritseju Aluya appeals the sentence imposed following his guilty plea conviction for knowingly preventing and hampering his departure from the United States pursuant to an outstanding final order of removal in violation of 8 U.S.C. § 1253(a)(1)(C). He contends that the district court plainly erred when it enhanced his sentence based on a finding that his prior Oklahoma conviction for aggravated assault and battery was a crime of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Because Aluya did not object to the § 2L1.2(b)(1)(A)(ii) enhancement in the district court, our review is for plain error.  *See United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005).  To show plain error, Aluya must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

The state court documents provide that on June 5, 2012, Aluya pleaded guilty to one count of "AGGRAVATED ASSAULT AND BATTERY ~ 21 O.S. § 646(2), a FELONY."  Relying on the citations to "21 O.S. § 646(2)," Aluya contends that he was convicted of aggravated assault and battery in violation of OKLA. STAT. ANN. tit. 21 § 646(A)(2).  The Government contends that the citations were typographical errors and that the district court did not plainly err in determining that Aluya was convicted under § 646(A)(1).

As the Government notes, the language of the Second Amended Information tracks the elements of § 646(A)(1), i.e., that great bodily injury was inflicted upon the person assaulted.  § 646(A)(1).  This language was explicitly set forth in the presentence report, which the district court adopted. Although the state court documents identified the statute of conviction as "21 O.S. § 646(2)," there is no such subsection.  *See* § 646.  Further, § 646(A)(2) requires that the assault and battery be "committed by a person of robust health or strength upon one who is aged, decrepit, or incapacitated," § 646(A)(2), elements that are not alleged in the Second Amended Information. Therefore, the district court did not plainly err in implicitly determining that Aluya was convicted under § 646(A)(1).  Because Aluya's § 646(A)(1) conviction falls within the generic, contemporary meaning of aggravated assault, it

No. 14-10081

qualifies as an enumerated crime of violence for purposes of § 2L1.2(b)(1)(A)(ii). *See United States v. Mungia-Portillo*, 484 F.3d 813, 816-17 (5th Cir. 2007). Accordingly, Aluya cannot show error, plain or otherwise. *See Puckett*, 556 U.S. at 135.

AFFIRMED.