# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40646
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OCTAVIO GONZALEZ-LINCE,

Defendant - Appellant

Appeal from the United States District Court
for the Sothern District of Texas
USDC No. 5:15-CR-808-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Octavio Gonzalez-Lince appeals the sentence imposed following his guilty plea for illegal reentry. He asserts the district court plainly erred in applying Sentencing Guideline § 2L1.2(b)(1)(A)(ii)'s 16-level "crime of violence" enhancement, based on his prior conviction for second-degree assault under Colorado Revised Statute §§ 18-3-203(1)(g) and (2)(a). Gonzalez contends his prior conviction did not either qualify as the enumerated offense "aggravated

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

assault" or have as an element the "use, attempted use, or threatened use of force against the person of another".

As Gonzalez concedes, because he did not raise these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Under the Guidelines in effect at the time of Gonzalez' sentencing, defendants with a prior crime-of-violence conviction were subject to a 16-level enhancement. The crime-of-violence definition included: "aggravated assault . . . or any offense under federal, state, or local law that has an element the use, attempted use, or threatened use of physical force against the person of another". U.S.S.G. § 2L1.2, cmt. (n.1(B)(iii)).

Regarding the prior offense, Gonzalez pleaded guilty in 2010 to "second degree assault—in the heat of passion" under Colorado Revised Statute §§ 18-3-203(1)(g), (2)(a). Pursuant to that statute at the time of Gonzalez' conviction, a person committed second-degree assault if:

> (g) With intent to cause bodily injury to another person, he or she causes serious bodily injury to that person or another[.]
>
> (2)(a) If assault in the second degree is committed under circumstances where the act causing the injury is performed upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the person causing the injury sufficiently to excite an irresistible passion in a reasonable person, and without an interval between the provocation and the injury sufficient for the voice of reason and humanity to be heard, it is a class 6 felony.

Colo. Rev. Stat. §§ 18-3-203(1)(g), (2)(a).

No. 16-40646

The statute is divisible, listing multiple alternative elements creating different crimes of second-degree assault; therefore, the modified categorical approach is applicable. *See id.*; *United States v. Mathis*, 136 S. Ct. 2243, 2249 (2016). Under the modified categorical approach, a court may consider, *inter alia*, state-court documents underlying defendant's prior conviction to determine whether the statute of conviction qualifies as a crime of violence. *See Shepard v. United States*, 544 U.S. 13, 16 (2005).

Gonzalez maintains the Colorado conviction plainly does not qualify as the enumerated crime of violence of aggravated assault because the Model Penal Code (MPC) defines "serious bodily injury" more broadly than the state statute. The MPC defines aggravated assault, in relevant part, as "attempt[ing] to cause *serious bodily injury* to another, or caus[ing] such injury, purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life". MPC § 211.1(2)(a) (emphasis added). Along that line, "serious bodily injury" is defined by the MPC as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ". MPC § 210.0(3).

The Colorado statute defined "serious bodily injury" as: "bodily injury which . . . involves a substantial risk of death, a substantial risk of serious permanent disfigurement, a substantial risk of protracted loss or impairment of the function of any part or organ of the body, or breaks, fractures, or burns of the second or third degree". Colo. Rev. Stat. § 18-1-901(3)(p). Thus, Gonzalez contends the Colorado statute includes a different class of injuries (*e.g.*, fractures) than the MPC.

Although Gonzalez cites similar cases supporting his assertions, other case-law cuts against his position. *Compare United States v. Calzada-Ortega*,

No. 16-40646

551 F. App'x 790, 792–93 (5th Cir. 2014) (concluding a similar Wisconsin statute was broader than the enumerated aggravated-assault offense), *with United States v. Aluya*, 590 F. App'x 434, 434 (5th Cir. 2015) (holding, on plain-error review, an Oklahoma statute for assault and battery was equivalent to the enumerated offense).

Therefore, pursuant to our limited plain-error review, and without any controlling or persuasive authority addressing the issue directly, it is not clear or obvious that the difference in the Colorado definition was sufficient to take the crime out of the common-sense definition of the enumerated offense of aggravated assault. *See United States v. Ramirez*, 557 F.3d 200, 207 (5th Cir. 2009). Accordingly, Gonzalez fails to show the requisite plain error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.